UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVE & BUSTER'S I, L.P.
    Plaintiff,

v.

ARCADE TIME USA LLC,
    Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## ORIGINAL COMPLAINT

Plaintiff Dave & Buster's I, L.P., (hereinafter "Dave & Buster's" or "Plaintiff"), by and through its undersigned counsel, files this complaint against Arcade Time USA LLC (hereinafter "Arcade Time" or "Defendant") and alleges as follows:

### I.  PRELIMINARY STATEMENT

1.  This is an action for trademark infringement of Plaintiff Dave & Buster's federally registered EAT DRINK PLAY marks, unfair competition, unjust enrichment, and substantial and related claims under the statutory and common laws of the State of Florida, all arising from Arcade Time's unauthorized use of the mark EAT DRINK PLAY WIN in connection with the marketing, advertising and promotion of Arcade Time's arcade-themed bar, restaurant and indoor amusement services.

### II.  THE PARTIES

2.  Plaintiff Dave & Buster's I, L.P. is a domestic limited partnership formed under the laws of the State of Texas and has a principal place of business located at 1221 S Belt Line Rd Ste. 500, Coppell, TX 75019. Dave & Buster's is a well-known restaurant, bar and entertainment services provider throughout the United States.

3.      Arcade Time USA LLC is a limited liability company formed under the laws of the State of Florida with its principal place of business at 10064 W. Oakland Park Blvd Sunrise, FL 33351. Upon information and belief, Arcade Time is an arcade-themed bar and restaurant; *i.e.*, a provider of restaurant, bar and indoor amusement services.

### III.      JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a) in that Dave & Buster's asserts claims for infringement of federally registered trademarks and violations of federal law of unfair competition. The Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367 as these claims are so related to the federal claims in the action that they form part of the same case or controversy.

5.      Arcade Time is subject to personal jurisdiction in this District because Arcade Time is a Florida LLC, and/or resides in Florida, and/or has continuous and systematic contacts with Florida.  Further, Arcade Time has infringed upon Dave & Buster's trademark rights and engaged in violations of federal and state law in this District, and therefore the claims arise from Arcade Time's contacts with Florida.

6.      Arcade Time has also submitted itself to personal jurisdiction within this District because it has engaged in intentional activity within this District reasonably anticipated to cause serious injury to Dave & Buster's. The claims brought in this action are consistent with due process. This court has personal jurisdiction over Arcade Time.

7.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claims occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Arcade Time is subject to personal jurisdiction and resides in this District with respect to this action.

## IV.   FACTUAL ALLEGATIONS

### A.   Dave & Buster's and its Trademarks

8.      Dave & Buster's is the owner of all right, title and interest in and to the federally registered trademark EAT DRINK PLAY and composite marks containing that designation, including but not limited to EAT DRINK PLAY WATCH and EAT DRINK WATCH SPORTS (the "EAT DRINK PLAY" Marks).

9.      Dave & Buster's and its predecessors in interest have made extensive and continuous use of the mark EAT DRINK PLAY since at least as early as 1997 in connection with, *inter alia*, entertainment services and bar services, and since at least as early as 1988 in connection with, *inter alia*, restaurant and billiard facility services.

10.     Dave & Buster's is the owner of incontestable U.S. Patent and Trademark Office Registration No. 2,412,190 for the mark JILLIAN'S EAT DRINK PLAY (& Design) for services including "providing facilities for recreational activities, namely … amusement arcades" and in International Class 41 and "Restaurants, Bar services and Night Clubs" in International Class 43 (registration dated December 12, 2000).

11.     Dave & Buster's is also the owner of incontestable U.S. Patent and Trademark Office Registration No. 2,746,430 for the mark EAT DRINK PLAY for services including "Restaurant services" in International Class 43 (registration dated August 5, 2003).

12.     Dave & Buster's is also the owner of incontestable U.S. Patent and Trademark Office Registration No. 3,265,902 for the mark JILLIAN'S EAT DRINK PLAY (& Design) for services including "providing facilities for recreational activities" and "entertainment" in International Class 41 and "restaurant and bar services" in International Class 43 (registration dated July 17, 2007).

13.     Dave & Buster's is also the owner of U.S. Patent and Trademark Office Registration No. 4,650,751 for the mark EAT DRINK PLAY WATCH for services identified as "Providing entertainment services in the nature of indoor amusement complexes featuring television broadcasts of primarily sporting events" in International Class 41 and "Restaurant and bar services" in International Class 43 (registration dated December 2, 2014).

14.     Dave & Buster's is also the owner of U.S. Patent and Trademark Office Registration No. 4,654,596 for the mark EAT DRINK PLAY WATCH SPORTS for services identified as "Providing entertainment services in the nature of indoor amusement complexes featuring television broadcasts of primarily sporting events" in International Class 41 and "Restaurant and bar services" in International Class 43 (registration dated December 9, 2014).

15.     Dave & Buster's is also the owner of U.S. Patent and Trademark Office Registration No. 5,968,717 for the mark EAT DRINK PLAY TOGETHER for services identified as "Providing entertainment services in the nature of indoor amusement complexes" in International Class 41 and "Restaurant and bar services" in International Class 43 (registration dated January 21, 2020).

16.     Attached hereto as **Exhibit A** are downloads from the U.S. Patent and Trademark Status and Document Retrieval database showing the current status of the registrations referenced in paragraphs 10 through 15 (collectively the "EAT DRINK PLAY Registrations").

17.     Dave & Buster's EAT DRINK PLAY Registrations on the Principal Register listed above (*i.e.*, excluding Reg. Nos. 4,650,751 and 4,654,976) provide presumptive and, save for Reg. No. 5,968,717, conclusive evidence, respectively, of Dave & Buster's ownership of the EAT DRINK PLAY Marks, of the validity of those marks, and of Dave & Buster's exclusive right to

4

use those marks in commerce in connection with the goods and services identified in the registrations.

18.     Dave & Buster's has expended substantial time, money and resources marketing, advertising and promoting its services under the EAT DRINK PLAY Marks including through Dave & Buster's marketing, advertising and promotional efforts.

19.     As a result of Dave & Buster's long use, significant advertising and promotional efforts, extensive sales and the high and consistent quality of the services offered under the EAT DRINK PLAY Marks, those marks have become famous and distinctive, and are widely recognized by the public and indicators of the source of Dave & Buster's brand and services and symbols of substantial and valuable goodwill.

**B.      Arcade Time's Unlawful Actions**

20.     On or around December 18, 2023, Dave & Buster's became aware that Arcade Time, without Dave & Buster's authorization, had adopted and begun using a mark nearly identical to Dave & Buster's EAT DRINK PLAY Marks in connection with services virtually identical to those provided by Dave & Buster's under its EAT DRINK PLAY Marks, namely, restaurant and indoor amusement services (the "Infringing Mark").

21.     Since that time Arcade Time has, without Dave & Buster's authorization, included the EAT DRINK PLAY Marks in advertisements and on their website as depicted below:



22.     Upon information and belief, Arcade Time has also included the EAT DRINK

PLAY Marks in advertisements and signage used at its locations as depicted below:



23.     As a matter of law, under 15 U.S.C. § 1115(a), Dave & Buster's ownership of the

foregoing Principal Register registrations is "prima facie evidence of the validity of the registered

mark[s] and of the registration of the mark[s], of the ownership of the mark[s], and of exclusive right to use the registered mark[s] in commerce on or in connection with the goods or services specified in the registration[s]." *See* 15 U.S.C.§ 1115(a).

24.     Under 15 U.S.C. § 1072, Arcade Time, as a matter of law, has been deemed to have notice of Dave & Buster's rights in its EAT DRINK PLAY Marks, since, respectively, the application filing dates of the EAT DRINK PLAY Registrations. *See* 15 U.S.C. § 1072. Moreover, Arcade Time has had actual notice of Dave & Buster's rights in its EAT DRINK PLAY Marks since at least as early as December 19, 2023, as set forth below.

25.     On December 18, 2023, Dave & Buster's delivered a cease and desist letter to Arcade Time objecting to Arcade Time's use of the Infringing Mark. The December 18, 2023 cease and desist letter requested a response by January 5, 2024. Attached hereto as **Exhibit B** is a true and correct copy of Dave & Buster's counsel's December 18, 2023 cease and desist letter to Arcade Time.

26.     On January 10, 2024, Dave & Buster's counsel sent Arcade Time a second cease and desist letter. Attached hereto as **Exhibit C** is a true and correct copy of Dave & Buster's counsel's January 10, 2024 cease and desist letter to Arcade Time.

27.     On May 14, 2024, Dave & Buster's counsel sent Arcade Time a third cease and desist letter. Enclosed with this letter was a draft federal court complaint. Counsel informed Arcade Time that Dave and Buster's would seek to file its complaint in the U.S. District Court for the Northern District of Texas if Arcade Time did not comply. Attached hereto as **Exhibit D** is a true and correct copy of Dave & Buster's counsel's May 14, 2024 cease and desist letter to Arcade Time.

28.     On June 11, 2024, Dave & Buster's counsel sent Arcade Time a fourth cease and desist letter. Attached hereto as **Exhibit E** is a true and correct copy of Dave & Buster's counsel's June 11, 2024 cease and desist letter to Arcade Time.

29.     On March 13, 2025, Dave & Buster's counsel sent Arcade Time a fifth cease and desist letter. Enclosed with this letter was a copy of this federal court complaint. Counsel informed Arcade Time that Dave and Buster's was concurrently filing this Complaint in the U.S. District Court for the Southern District of Florida. Attached hereto as **Exhibit F** is a true and correct copy of Dave & Buster's counsel's March 13, 2025 cease and desist letter to Arcade Time.

30.     To date, Dave & Buster's has received no response to its cease and desist letters and, after reasonable inquiry, has no evidence that Arcade Time has complied with the demands set out in Dave & Buster's cease and desist letters, namely, to permanently cease use of EAT DRINK PLAY WIN.

31.     Arcade Time continues to use its Infringing Mark in connection with services categorically identical to the services covered by the EAT DRINK PLAY Registrations and provided by Dave & Buster's under its EAT DRINK PLAY Marks, namely, entertainment services in the nature of indoor amusement complexes, and restaurant and bar services.

32.     Arcade Time markets its services on its website, http://arcadetimeusa.com, and, upon information and belief, permits customers located throughout the United States to book parties, make restaurant reservations and subsequently purchase arcade and entertainment services.

33.     Arcade Time advertises on its website that it in the process of expanding its operations by opening new locations in multiple states throughout the United States.

34.     Upon information and belief, Arcade Time has manifested an intention to expand and develop a national brand and nationwide reputation as it has secured the ability to exclusively

use the Arcade Time mark throughout the United States through its ownership of U.S. Patent and Trademark Office Registration No. 6807756 for the mark ARCADE TIME for "Amusement arcade services; Amusement centers; Virtual reality arcade services" in International Class 41 and "Restaurant and bar services" in International Class 43 (registration dated December 2, 2014).

35.     Arcade Time's infringing acts as alleged herein have caused and are likely to cause confusion, mistake and deception among members of the relevant consuming public as to the source or origin of Arcade Time's services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Arcade Time's services originate from, are associated or affiliated with, or otherwise authorized by Dave & Buster's.

36.     Upon information and belief, Arcade Time's acts are willful with the deliberate intent to trade on the goodwill of Dave & Buster's EAT DRINK PLAY Marks, cause confusion and deception in the marketplace and divert potential sales of Dave & Buster's services to Arcade Time.

37.     Arcade Time's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Dave & Buster's and to its valuable brand, reputation and goodwill with the consuming public for which Dave & Buster's has no adequate remedy at law.

## V.     CLAIMS FOR RELIEF

### Count One:
### Trademark Infringement of Federally Registered Trademarks under Lanham Act
### 15 U.S.C. § 1114

38.      Dave & Buster's realleges and incorporates by reference the allegations set forth in paragraphs 1-37 of this Complaint as if fully set forth herein.

39.      Dave & Buster's is the owner of valid and subsisting federal trademark registrations for the EAT DRINK PLAY Marks.

40.      Dave & Buster's EAT DRINK PLAY Marks are protected under U.S. Trademark Registration Nos. 2412190, 2746430, 3265902, 4650751 and 4654596 for entertainment services in the nature of indoor amusement complexes and the like in Class 41, and restaurant and/or bar services in Class 43.

41.      Arcade Time's use of the EAT DRINK PLAY Marks is without Dave & Buster's consent or authorization.

42.      Arcade Time's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive and confuse consumers as to the origin, source, sponsorship, or affiliation of Arcade Time's services, and is likely to cause consumers to believe, contrary to fact, that Arcade Time's services are authorized, endorsed, or sponsored by Dave & Buster's, or that Arcade Time is in some way affiliated with or sponsored by Dave & Buster's. Arcade Time's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

43.      Upon information and belief, Arcade Time has committed the foregoing acts of infringement with full knowledge of Dave & Buster's prior rights in the EAT DRINK PLAY Marks and with the willful intent to cause confusion and trade on Dave & Buster's goodwill.

44.     Arcade Time's conduct is causing immediate and irreparable harm and injury to Dave & Buster's, and to its goodwill and reputation, and will continue to both damage Dave & Buster's and confuse the public unless enjoined by this court.

45.     Arcade Time is therefore liable to Dave & Buster's for trademark infringement under 15 U.S.C. § 1114.

46.     Dave & Buster's is entitled to, among other relief, injunctive relief and an award of actual damages, Arcade Time's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## Count Two:
## Federal Unfair Competition under Lanham Act
## 15 U.S.C. § 1125(a)

47.     Dave & Buster's realleges and incorporates by reference the allegations set forth in paragraphs 1-37 of this Complaint as if fully set forth herein.

48.     By virtue of its longstanding use, Dave & Buster's is the owner of all right, title and interest in and to its EAT DRINK PLAY Marks in connection with, *inter alia*, entertainment services in the nature of indoor amusement complexes, and bar and restaurant services.

49.     Arcade Time's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Arcade Time's services and is likely to cause consumers to believe, contrary to fact, that Arcade Time's services are authorized, endorsed, or sponsored by Dave & Buster's or that Arcade Time is in some way affiliated with or sponsored by Dave & Buster's.

50.     Arcade Time's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

51.     Upon information and belief, Arcade Time's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Arcade Time with Dave & Buster's.

52.     Arcade Time's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     Arcade Time's conduct as alleged herein is causing immediate and irreparable harm and injury to Dave & Buster's, and to its goodwill and reputation, and will continue to both damage Dave & Buster's and confuse relevant members of the consuming public unless enjoined by this court.

54.     Dave & Buster's is entitled to, among other relief, injunctive relief and an award of actual damages, Arcade Time's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**Count Three:**
**Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")**
**Fla. Stat. § 501.201 et seq.**

55.     Dave & Buster's realleges and incorporates by reference the allegations set forth in paragraphs 1-37 of this Complaint as if fully set forth herein.

56.     Arcade Time has violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") codified in Fla. Stat. § 501.201 et. seq. FDUTPA applies to "unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the

conduct of any trade or commerce." "Trade or commerce" is defined under § 501.203 to encompass "advertising, soliciting, providing, offering, or distributing … any good or service."

57.     As discussed above, Arcade Time has wrongfully and without authorization used in commerce the EAT DRINK PLAY Marks to promote, advertise, market and/or sell their services. Arcade Time's actions were intentionally calculated to deceive customers into thinking that there is a connection with Dave & Buster's for the purpose of promoting its own services. Further, Arcade Time's actions have deceived, and are likely to continue to deceive, to cause confusion, to cause mistake, to mislead, or to deceive as to the origin, sponsorship or approval for Arcade Time and its services. Thus, Arcade Time's actions constitute unfair or deceptive acts or practices in violation of FDUTPA.

58.     Arcade Time's intentional and willful infringement of the EAT DRINK PLAY Marks has caused, and will continue to cause, damage to Dave & Buster's and is causing irreparable harm to Dave & Buster's, who is without adequate remedy at law.

59.     Dave & Buster's is entitled to injunctive relief against Arcade Time.

**Count Four:**
**Unjust Enrichment**

60.     Dave & Buster's realleges and incorporates by reference the allegations set forth in paragraphs 1-37 of this Complaint as if fully set forth herein.

61.     Dave & Buster's developed the EAT DRINK PLAY Marks and reputation through extensive time, skill, labor and money.

62.     Arcade Time is a competitor of Dave & Buster's and has used the EAT DRINK PLAY Marks in connection with the promotion, advertisement and marketing of its services in an effort to gain a special advantage.

63.     As a result, Arcade Time has unjustly profited (and continue to unjustly profit) by taking undue advantage of the goodwill and reputation associated with Dave & Buster's.

64.     Because Dave & Buster's has expended a large amount of time and resources to develop the EAT DRINK PLAY Marks, and because Arcade Time has profited from use of Dave & Buster's EAT DRINK PLAY Marks despite being unauthorized to use them, it would be unjust for Arcade Time to retain the benefit that Dave & Buster's efforts have provided.

65.     Arcade Time's acts complained of herein constitute unjust enrichment by Arcade Time at Dave and Buster's expense in violation of Florida state common law. Arcade Time's acts complained of herein have damaged Dave & Buster's in an amount to be proven at trial, but no less than Arcade Time's profits from its wrongful acts.

66.     Accordingly, Dave & Buster's seeks a full accounting and recovery from Arcade Time for the benefits and profits Arcade Time has unjustly received and the disgorgement of any such profit realized by Arcade Time as a result of its tortious and unlawful acts in an amount to be proven at trial.

RELIEF REQUESTED AS TO ALL COUNTS

WHEREFORE, Dave & Buster's prays that judgment be entered against Arcade Time as follows:

a) Granting an injunction permanently enjoining Arcade Time, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   i. distributing, marketing, advertising, promoting, or authorizing any third party to distribute, sell, market, advertise, or promote Arcade Time's

services bearing the mark EAT DRINK PLAY or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Dave & Buster's EAT DRINK PLAY Marks;

ii. engaging in any activity that infringes Dave & Buster's rights in its EAT DRINK PLAY Marks;

iii. engaging in any activity constituting unfair competition with Dave & Buster's;

iv. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Arcade Time's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Dave & Buster's or (ii) Dave & Buster's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Arcade Time;

v. using or authorizing any third party to use in connection with any services, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Dave & Buster's or tend to do so;

vi. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark or any other marks that infringe or

15

are likely to be confused with Dave & Buster's EAT DRINK PLAY Marks, or any services of Dave & Buster's, or Dave & Buster's as their source; and

vii. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (vii).

b. Directing Arcade Time to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, and/or use of any and advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is copy, simulation, confusingly similar variation or colorable imitation of Dave & Buster's EAT DRINK PLAY Marks;

c. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any services marketed, advertised, promoted, or otherwise offered or circulated by Arcade Time are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Dave & Buster's or constitute or are connected with Dave & Buster's services;

d. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Arcade Time to file with the court and serve upon Dave & Buster's counsel within thirty (30) days after service on Arcade Time of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Arcade Time has complied therewith.

e. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

f.   Directing that Defendant account to and pay over to Dave & Buster's all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Dave & Buster's for the damages caused thereby;

g.   Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

h.   Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Dave & Buster's its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a));

i.   Awarding Dave & Buster's interest, including prejudgment and post-judgment interest, on the foregoing sums; and

j.   Awarding such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated:  March 13, 2025                    **Holland & Knight LLP**

*/s/ Rebecca J. Canamero*
Rebecca J. Canamero
Florida Bar No. 86424
Rebecca.Canamero@hklaw.com
Jenifer J. Norwalk
Florida Bar No. 1032053
Jenifer.Norwalk@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, FL 33131
305-374-8500– Telephone
305-789-7799 – Facsimile

Paul F. Kilmer
(*Pro Hac Vice Forthcoming*)
District of Columbia Bar No. 331835

17

Paul.Kilmer@hklaw.com
Daniel C. Neustadt
(*Pro Hac Vice Forthcoming*)
District of Columbia Bar No. 1023576
Dan.Neustadt@hklaw.com
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
202-955-3000 – Telephone
202-955-5564 Facsimile


**ATTORNEYS FOR
DAVE & BUSTER'S I, L.P.**