**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No.: 0:25-CV-60494-DSL**

DAVE & BUSTER'S I, L.P.,

      Plaintiff,

v.

ARCADE TIME USA LLC,

      Defendant.

_____

## DEFENDANT ARCADE TIME USA LLC'S ANSWER TO PLAINTIFF DAVE & BUSTER'S LLP'S ORIGINAL COMPLAINT, JURY TRIAL DEMAND, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Now comes the defendant, Arcade Time USA, LLC ("Arcade Time"), pursuant to Federal Rule of Civil Procedure, files this *Answer to the Plaintiff's Original Complaint, Jury Trial Demand and Affirmative Defenses* ("Answer") to the plaintiff's Dave & Buster's I, L.P. ("Dave & Buster's" or the "plaintiff") *Original Complaint (Jury Trial Demanded)*(hereinafter referred to as the "complaint"), paragraph by paragraph, as follows:

### I.  PRELIMINARY STATEMENT

1.    Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, the PRELIMINARY STATEMENT, of the plaintiff's complaint and calls upon the plaintiff to prove the same.

### II.  THE PARTIES

2.    Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

Case No.: 0:25-CV-60494-DSL

3.      Arcade Time denies the allegations contained in paragraph 3 of the plaintiff's complaint.

## III.  JURISDICTION AND VENUE

4.      Arcade Time admits the allegations contained in the first sentence of paragraph 4 of the plaintiff's complaint.  Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 4 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

5.      Arcade Time admits that is subject to personal jurisdiction in this District, because it is a Florida LLC and/or resides in Florida and/or has continuous and systematic contacts with Florida but denies the remainder of the allegations contained in paragraph 5 of the plaintiff's complaint.

6.      Arcade Time denies the allegations contained in paragraph 6 of the plaintiff's complaint.

7.      Arcade Time denies the allegations contained in paragraph 7 of the plaintiff's complaint.

## IV.  FACTUAL ALLEGATIONS

### A.      <u>Dave & Buster's and its Trademarks</u>

8.      Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

9.      Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

Case No.: 0:25-CV-60494-DSL

10.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

11.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

12.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

13.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

14.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

15.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

16.     Arcade Time admits the allegations contained in paragraph 16 of the plaintiff's complaint.

17.     Arcade Time denies the allegations contained in paragraph 17 of the plaintiff's complaint.

Case No.: 0:25-CV-60494-DSL

18.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

19.     Arcade Time denies the allegations contained in paragraph 19 of the plaintiff's complaint.

**B.     Arcade Time's Unlawful Actions**

20.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

21.     Arcade Time denies the allegations contained in paragraph 21 of the plaintiff's complaint.

22.     Arcade Time denies the allegations contained in paragraph 22 of the plaintiff's complaint.

23.     Arcade Time denies the allegations contained in paragraph 23 of the plaintiff's complaint as they improperly allege and call for a legal conclusion.

24.     Arcade time is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the plaintiff's complaint that under 15 U.S.C. § 1072 that Arcade Time, as a matter of law, has been deemed to have notice of Dave & Buster's rights in its EAT DRINK PLAY Marks since, respectively, the application filing dates of the EAT DRINK PLAY Registrations and calls upon the plaintiff to prove the same.  Arcade Time denies the remainder of the allegations contained in paragraph 24 of the plaintiff's complaint.

25.     Arcade Time denies the allegations contained in paragraph 25 of the plaintiff's complaint.

4

Case No.: 0:25-CV-60494-DSL

26.     Arcade Time denies the allegations contained in paragraph 26 of the plaintiff's complaint.

27.     Arcade Time denies the allegations contained in paragraph 27 of the plaintiff's complaint.

28.     Arcade Time denies the allegations contained in paragraph 28 of the plaintiff's complaint.

29.     Arcade Time denies the allegations contained in paragraph 29 of the plaintiff's complaint.

30.     Arcade Time admits that Dave and Buster's has received no response to its cease and desist letters and further states that Arcade Time never received the cease and desist letters until it received the complaint with the letters attached as exhibits.  Arcade Time admits that it has not complied with the demand set out in Dave and Buster's cease and desist letters to permanently cease use of EAT DRINK PLAY WIN because it never received the cease and desist letters and because it has no legal obligation to do so.

31.     Arcade Time denies the allegations contained in paragraph 31 of the plaintiff's complaint.

32.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

33.     Arcade Time admits the allegations contained in paragraph 33 of the plaintiff's complaint.

34.     Arcade Time admits the allegations contained in paragraph 34 of the plaintiff's complaint.

Case No.: 0:25-CV-60494-DSL

35.     Arcade Time denies the allegations contained in paragraph 35 of the plaintiff's complaint.

36.     Arcade Time denies the allegations contained in paragraph 36 of the plaintiff's complaint.

37.     Arcade Time denies the allegations contained in paragraph 37 of the plaintiff's complaint.

## V.  CLAIMS FOR RELIEF

### Count One:
### Trademark Infringement of Federally Registered Trademarks under Lanham Act
### 15 U.S.C. § 1114

38.     Arcade Time repeats its responses to the allegations contained in paragraphs 1 through 37 of the plaintiff's complaint as if fully set forth herein.

39.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

40.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

41.     Arcade Time admits the allegations contained in paragraph 41 of the plaintiff's complaint and further states that it does not require Dave & Buster's consent or authorization to use the words EAT DRINK PLAY in the manner in which they are used.

42.     Arcade Time denies the allegations contained in paragraph 42 of the plaintiff's complaint.

Case No.: 0:25-CV-60494-DSL

43.     Arcade Time denies the allegations contained in paragraph 43 of the plaintiff's complaint.

44.     Arcade Time denies the allegations contained in paragraph 44 of the plaintiff's complaint.

45.     Arcade Time denies the allegations contained in paragraph 45 of the plaintiff's complaint.

46.     Arcade Time denies the allegations contained in paragraph 46 of the plaintiff's complaint.

**Count Two:**
**Federal Unfair Competition under Lanham Act**
**15 U.S.C. § 1125(a)**

47.     Arcade Time repeats its responses to the allegations contained in paragraphs 1 through 46 of the plaintiff's complaint as if fully set forth herein.

48.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

49.     Arcade Time denies the allegations contained in paragraph 49 of the plaintiff's complaint.

50.     Arcade Time denies the allegations contained in paragraph 50 of the plaintiff's complaint.

51.     Arcade Time denies the allegations contained in paragraph 51 of the plaintiff's complaint.

52.     Arcade Time denies the allegations contained in paragraph 52 of the plaintiff's complaint.

Case No.: 0:25-CV-60494-DSL

53.     Arcade Time denies the allegations contained in paragraph 53 of the plaintiff's complaint.

54.     Arcade Time denies the allegations contained in paragraph 54 of the plaintiff's complaint.

**Count Three:**
**Florida Deceptive and Unfair Trade Practices Act ("FDUPTA")**
**Fla. Stat. § 501.201 et seq.**

55.     Arcade Time repeats its responses to the allegations contained in paragraphs 1 through 54 of the plaintiff's complaint as if fully set forth herein.

56.     Arcade Time denies the allegations contained in paragraph 56 of the plaintiff's complaint.

57.     Arcade Time denies the allegations contained in paragraph 57 of the plaintiff's complaint.

58.     Arcade Time denies the allegations contained in paragraph 58 of the plaintiff's complaint.

59.     Arcade Time denies the allegations contained in paragraph 59 of the plaintiff's complaint.

**Count Four**
**Unjust Enrichment**

60.     Arcade Time repeats its responses to the allegations contained in paragraphs 1 through 59 of the plaintiff's complaint as if fully set forth herein.

61.     Arcade Time is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

Case No.: 0:25-CV-60494-DSL

62.     Arcade Time denies the allegations contained in paragraph 62 of the plaintiff's complaint.

63.     Arcade Time denies the allegations contained in paragraph 63 of the plaintiff's complaint.

64.     Arcade Time denies the allegations contained in paragraph 64 of the plaintiff's complaint.

65.     Arcade Time denies the allegations contained in paragraph 65 of the plaintiff's complaint.

66.     Arcade Time denies the allegations contained in paragraph 66 of the plaintiff's complaint.

### RELIEF REQUESTED AS TO ALL COUNTS

**Arcade Time denies Dave & Buster's request for judgment and for the requested relief.**

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense
(Failure to State a Claim)

The plaintiff's complaint fails to state facts sufficient to constitute valid causes of action against Arcade Time.

#### Second Affirmative Defense
(Failure to State a Claim for Florida Deceptive Unfair Trade Practices Act ("FDUTPA")

The plaintiff's complaint fails to state facts sufficient to constitute a valid cause of action for a violation of the Florida Deceptive and Unfair Trade Practices Act.

Case No.: 0:25-CV-60494-DSL

### Third Affirmative Defense
(Lack of Damages)

Dave & Buster's has not suffered any damages or injuries as a result of Arcade Times' conduct.

### Fourth Affirmative Defense
(Generic Trademark)

Dave & Buster's EAT DRINK PLAY Marks are generic when used to describe the services described in paragraph 8 through 15 of the plaintiff's complaint and offered by Dave & Buster's. Thus, the trademarks are invalid.

### Fifth Affirmative Defense
(No Likelihood of Confusion)

No likelihood of confusion exists between Dave & Buster's Marks and Arcade Time's signage and advertisements.

### Sixth Affirmative Defense
(No Secondary Meaning)

Dave & Buster's Marks have not acquired secondary meaning. Because they are descriptive at best, they are not valid trademarks. In addition, Dave & Buster's does not consistently use the Marks in commerce and, instead, uses a different mark, eliminating any claim that the marks are associated with Dave & Buster's.

### Seventh Affirmative Defense
(Marks are not Identical or Substantially Indistinguishable)

Arcade Time currently uses "PLAY-WIN-EAT-DRINK". These marks are not identical or substantially indistinguishable.

Case No.: 0:25-CV-60494-DSL

**Eighth Affirmative Defense**
(Arcade Time has made no False or Misleading Statements of Fact)

Arcade Time has made no false or misleading statements of fact in advertising or promotions related to its business.

**Ninth Affirmative Defense**

The plaintiff's complaint should be dismissed, or transferred, because venue in the Fort Lauderdale division of this district is improper.

**Arcade Time reserves its right to amend or supplement these defenses as discovery develops.**

## PRAYER FOR RELIEF

WHEREFORE, having answered the plaintiff's complaint, Arcade Time demands a verdict in its favor on all counts of the complaint and against Dave & Buster's, together with an award of reasonable attorneys' fees and costs incurred in this case.,

## JURY DEMAND

Arcade Time USA, LLC hereby demands a trial before a jury on all matters so triable.

Respectfully submitted June 27, 2025.

Respectfully submitted,

By:      */s/ Caroline Tabash*
CAROLINE F. TABASH, ESQ.
Florida Bar No. 113142
Luks, Santaniello, Petrillo, Cohen & Peterfriend
Counsel for Defendant
110 S.E. 6th Street, Suite 1401
Fort Lauderdale, FL 33301
Telephone:  954-766-9900
Facsimile:  954-766-9940
E-Mail: Ctabash@insurancedefense.net

Case No.: 0:25-CV-60494-DSL

## COUNTERCLAIM

Counterclaim-Plaintiff Arcade Time USA LLC ("Arcade Time") seeks cancellation of U.S. Trademark Registrations 2,746,430 ("the '430 Registration"), 4,650,751 ("the '751 Registration"), 4,654,596 ("the '596 Registration"), and 5,968,717 ("the '717 Registration") (collectively, the "D&B Registrations").

## PARTIES

1.      Counterclaim-Plaintiff Arcade Time is a limited liability company organized and existing under the laws of the State of Florida having its principal place of business in Broward County, Florida.

2.      Counterclaim-Defendant Dave & Buster's I, L.P. ("Dave & Buster's"), is a domestic limited partnership formed under the laws of Texas and has a principal place of business located at 1221 S Belt Line Rd Ste. 500, Coppell, TX 75019.

## JURISDICTION

3.      This Court has subject matter jurisdiction over Counter-Plaintiff's counterclaim under 28 U.S.C. §§ 1331, 1332(a), and 1338.

4.      This Court has personal jurisdiction over Counter-Defendant Dave & Buster's because Dave & Buster's made a general appearance in this case and regularly conducts business in the State of Florida.

5.      Venue is proper for Counter-Plaintiff's Counterclaim under 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## CANCELLATION OF THE D&B REGISTRATIONS PURSUANT TO 15 U.S.C. § 1119

6.      Counter-Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 5 as if set forth fully herein.

Case No.: 0:25-CV-60494-DSL

7.     Dave & Buster's has asserted ownership of the '430 Registration for the word mark EAT DRINK PLAY; the '751 Registration for the word mark EAT DRINK PLAY WATCH; the '596 Registration for the word mark EAT DRINK WATCH SPORTS; and the '717 Registration for the word mark EAT DRINK PLAY TOGETHER (collectively, the "D&B Registrations").

8.     The D&B Registrations are subject to cancellation on the basis that the phrases "EAT DRINK PLAY," "EAT DRINK PLAY WATCH," EAT DRINK PLAY WATCH SPORTS," and "EAT DRINK PLAY TOGETHER," are generic names for the goods and services Counter Defendant has registered the D&B Registrations in.

9.     Third-party use of the phrase EAT DRINK PLAY, in the restaurant and arcade gaming industry demonstrates that consumers are well accustomed to encountering the phrase to identify the services identified in the D&B Registrations.  The addition of the words WATCH, WATCH SPORTS, and TOGETHER, are likewise used consistently in the industry.

10.    The generic phrases, "EAT DRINK PLAY," "EAT DRINK PLAY WATCH," EAT DRINK PLAY WATCH SPORTS," and "EAT DRINK PLAY TOGETHER," immediately name the exact nature of Dave & Buster's services and do nothing else.

11.    Arcade Time believes that it is and is likely to continue to be damaged by the continued existence of the D&B Registrations, in that Arcade Time offers the same or similar services as Dave & Buster's and has an interest in using the phrase "EAT DRINK PLAY" in its business.

12.    The D&B Registrations are therefore subject to cancellation pursuant to 15 U.S.C. § 1119, in that the marks are the generic name for the goods and services, or a portion thereof, for which the marks have been registered.

Case No.: 0:25-CV-60494-DSL

## PRAYER FOR RELIEF

A.      The phrases "EAT DRINK PLAY," "EAT DRINK PLAY WATCH," EAT DRINK PLAY WATCH SPORTS," and "EAT DRINK PLAY TOGETHER," are generic and the D&B Registrations are invalid, unenforceable, and should be cancelled;

B.      This case is exceptional under 15 U.S.C. § 1117 and Arcade Times is entitled to reimbursement of its reasonable attorney's fees and costs in connection therewith; and

C.      Such further relief that this Court deems is appropriate.

Respectfully submitted,

/s/ **Richard Guerra**
Richard Guerra (Fla. Bar No. 689521)
Email: rguerra@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831

SERVICE LIST

Rebecca Jo Canamero, Esq.
Holland & Knight
701 Brickell Ave.
Suite 3000
Miami, FL 33131
Telephone: (305) 789-7533
Facsimile: (305) 789-7799
E-mail: Rebecca.canamero@hklaw.com
Counsel for Plaintiff

Paul Kilmar, Esq.
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
E-mail: paul.kilmer@hklaw.com
Counsel for Plaintiff

Case No.: 0:25-CV-60494-DSL

Daniel C. Neustadt, Esq.
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
E-mail:  Dan.Neustadt@hklaw.com
Counsel for Plaintiff

Jenifer Johanna Norwalk, Esq.
Holland & Knight
701 Brickell Ave.
Suite 3000
Miami, FL 33131
Telephone:  (305) 789-7533
Facsimile:  (305) 789-7799
E-mail:  Jenifer.Norwalk@hklaw.com
Counsel for Plaintiff