UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:25-CV-60494-DSL

DAVE & BUSTER'S I, L.P.,

    Plaintiff,

v.

ARCADE TIME USA LLC,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

Plaintiff Dave & Buster's I, L.P. ("Plaintiff") hereby files this Motion to Dismiss Defendant Arcade Time USA, LLC's ("Defendant") Counterclaim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof, states as follows:

**PRELIMINARY STATEMENT**

To survive a motion to dismiss, a claim must be (1) well-pled, (2) plausible, and (3) supported by specific factual allegations. Because Defendant's knee-jerk, threadbare counterclaim fails on all three counts, it must be dismissed.

A very brief summary of the facts and procedural history: Defendant used the mark EAT DRINK PLAY WIN to promote its bar, restaurant and amusement services. Plaintiff, enforcing its common-law and registered rights in its marquee EAT DRINK PLAY family of marks, sued for infringement. Defendant reflexively counterclaimed to cancel four of the pled EAT DRINK PLAY registrations on the asserted basis that the subject marks are generic.

The counterclaim is fundamentally flawed. First, Defendant fails to even recite the elements of the asserted claim. A genericness claim has only two main elements: (1) identification

1

of the genus or genii for which the subject mark is allegedly generic; and (2) a statement that the relevant public recognizes the subject mark as the generic name for such genus or genii. But Defendant's counterclaim lacks either.

Second, the claim is not plausible. EAT does not refer to billiard services; the public does not recognize DRINK as the name for arcade services; WATCH SPORTS is not generic for restaurant services. But the counterclaim, to survive, would require such contortions.

Third, and finally, the counterclaim is almost entirely unsupported by any specific factual allegations. Nine of the counterclaim's 12 paragraphs do not concern the asserted genericness of the subject marks at all. They are devoted instead to identification of the parties, jurisdiction, standing, damages, and a legal conclusion that the subject marks are generic. And the remaining three paragraphs are comprised of merely conclusory allegations, that the marks are "the generic names" for the services covered by the registrations, that they "name the exact nature of Dave & Buster's services and do nothing else," and that components of the marks are "used consistently in the [restaurant and arcade gaming] industry." Even were the claim well-pled and plausible, Defendant alleges no specific facts to support it.

Because the counterclaim is deficient in every respect – as to elements, plausibility, and any supporting facts at all – it must be dismissed.

## **LEGAL STANDARD**

For purposes of a motion to dismiss, all factual allegations *generally* must be accepted as true. *Weaver v. Anthem, Inc.*, No. 118CV03801LMMLTW, 2020 WL 7408757, at *3 (N.D. Ga. Apr. 14, 2020), *report and recommendation adopted*, No. 118CV03801LMMLTW, 2020 WL 7409658 (N.D. Ga. May 21, 2020). But conclusory allegations need not be. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (conclusory allegations need not be accepted as true); *Jackson v.*

*BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) (conclusory allegations will not prevent dismissal). Nor should internally contradicted allegations. *See, e.g., Kirkendall v. Haliburton, Inc.*, 707 F.3d 173, 175 n. 1 (2d Cir. 2013) (allegations in the complaint that are "contradicted by more specific allegations" are not entitled to the presumption of truthfulness).

Moreover, while internally consistent, non-conclusory factual allegations must be accepted as true, a pleaded claim will only survive a motion to dismiss if the supporting allegations "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1368 (S.D. Fla. 2011) ("[A] plaintiff must plead enough facts to state a plausible basis for the claim."). Vague, inconsistent and conclusory allegations are insufficient to establish the requisite plausibility. *See Sahagun-Pelayo v. United States*, No. 13-929 C, 2014 WL 3643471, at *5 (Fed. Cl. July 22, 2014), *aff'd*, 602 F. App'x 822 (Fed. Cir. 2015) (dismissing claim as implausible because its allegations were "vague and inconsistent"); *JBCHoldings NY, LLC v. Pakter*, 931 F.Supp.2d 514, 526 (S.D.N.Y. 2013) ("The implausibility of plaintiffs' allegations is reinforced by their internal inconsistency.") In assessing plausibility, the Court should "draw on its judicial experience and common sense," and reject claims that stop "short of the line." *Ashcroft*, 556 U.S. at 678-79.

Finally, while specific, internally consistent, non-conclusory factual allegations must be accepted as true, *legal* conclusions should not be. *Ashcroft*, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1372 (S.D. Fla. 2015) ("A court need not have to accept legal conclusions in the complaint as true."). Accordingly, "[c]onclusory

3

allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson*, 372 F.3d at 1262.

## ARGUMENT

### A. Defendant Has Failed to State a Claim for Genericness.

"[T]o sufficiently plead a claim that the mark at issue is the generic name for the identified goods or services, the plaintiff must allege that the wording at issue is primarily understood by the relevant public to be the generic name or identifier of the genus of goods or services." *Dave & Buster's I, L.P. v. EW IP Reserve, LLC*, Opposition No. 91247067, 11 TTABVUE 5 (TTAB Sept. 30, 2019)(non-precedential)(dismissing genericness counterclaims for cancellation of Dave & Buster's registrations for its EAT DRINK PLAY Marks) (internal citations omitted). Accordingly, to survive a motion to dismiss, a genericness claim must (1) identify the genus of services at issue; and (2) plausibly allege that the subject mark (or marks) is primarily understood by the relevant public to be the generic name for the identified genus of services. Defendant has failed to do either.

Moreover, where, as here, "the mark at issue is a multiword term, the plaintiff must allege that the challenged term, as a whole, is generic, and not merely that the individual words in that term are generic." *Id.*, 11 TTABVUE 6 (internal citation omitted); *United States Pat. & Trademark Off. v. Booking.com B. V.*, 591 U.S. 549, 556 (2020) ("for a compound term, the distinctiveness inquiry trains on the term's meaning as a whole, not its parts in isolation.") Again, Defendant has failed to do either. They have not plausibly alleged that any of the four marks, as a whole, is generic, nor have they alleged even that any of the individual words that comprise the marks is generic.

4

Any such allegations would be implausible regardless. EAT is not recognized as the name for "indoor amusement complexes." DRINK is not understood to identify broadcasts of sporting events. And PLAY TOGETHER is not generic for restaurants.

Finally, even if such claim were plausible, the counterclaim would still fail for its fatal omission of any specific factual allegations to support the purported claim. Only three paragraphs of the claim contain any allegations concerning the genericness of the marks, and those allegations are both implausible and conclusory, stating in sum that "the phrases … are generic names for the goods[1] and services [covered by the challenged registrations]" (Counterclaim ¶¶ 8, 12), that the "generic phrases immediately name the exact nature of Dave & Buster's services") (¶ 10), and that "restaurant and arcade gaming industry" consumers are "accustomed to encountering" the phrase EAT DRINK PLAY, and that the other words in Dave & Buster's marks are also "used consistently in the industry." (¶ 9). Even had Defendant sufficiently pled the elements of a plausible genericness claim – and they have not – such conclusory allegations fall well short of providing the requisite support.

Because Defendant has neither pled the elements of a plausible genericness claim nor alleged any specific facts to support such a claim, the Counterclaim must be dismissed.

1. **Defendant Has Failed to Plead the Elements of a Genericness Claim**

   a. **Defendant, For Each of the Four Marks at Issue, Has Failed to Identify the Pertinent Classes or Genii**

To state a claim for cancellation based on genericness, a claimant must identify the class or genus of services for which the subject mark is allegedly generic. *See Booking.com B. V.*, 591 U.S. at 556 ("a 'generic' term names a 'class' of goods or services, rather than any particular

---

[1] The challenged registrations do not cover any goods.

5

feature or exemplification of the class") (citing *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985)("A generic term is one that refers to the genus of which the particular product is a species.")). Because Defendant fails to identify the genus or genii for which each of the four challenged marks is allegedly generic, its claim must be dismissed.

Defendant attempts to allege that four of Plaintiff's federally registered marks are generic: EAT DRINK PLAY (incontestably registered), EAT DRINK PLAY WATCH, EAT DRINK PLAY WATCH SPORTS, and EAT DRINK PLAY TOGETHER. But Defendant fails to specify the class or genus of services for which each of the marks is allegedly generic, asserting only that the marks generally are "the generic names for the goods [sic] and services [Plaintiff] has registered the D&B Registrations in [sic]." Counterclaim ¶ 8. Not only does Defendant fail to identify the pertinent class or genus of services (the marks are not registered for any goods), Defendant fails to specify which mark is generic for which class or genus of services.

The registered services are expansive: billiard facility services; restaurant services; providing entertainment services in the nature of indoor amusement complexes; restaurant and bar services; providing entertainment services in the nature of indoor amusement complexes featuring television broadcasts of primarily sporting events. Compl. ¶¶ 9-15; *see also* Exhibit A to Compl. What are the specific genii or classes of services that the challenged marks allegedly name? All of them? (And more specifically – and crucially – what genii or classes of services does *each* challenged mark name?) Defendant's pleading does not specify, and therefore fails to meet the notice pleading requirements of the Federal Rules. Fed. R. Civ. P. 8(a)(2); s*ee also Principal Life Ins. Co. v. Mayer for Mignon Kopel Life Ins. Tr.*, No. 09-20244-CIV, 2009 WL 10668947, at *5 (S.D. Fla. Dec. 15, 2009)(citing *Twombly*, 550 U.S. at 555)("Notice pleading under Federal Rule of Civil Procedure 8(a)(2) requires [] that the pleadings provide a 'short and plain statement of the

claim' sufficient to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"); *Chisolm v. Prosecutor Monica Daniels Lucky Cab Taxi Serv.*, No. 3:21CV921-LC-HTC, 2021 WL 6086459, at *2 (N.D. Fla. Sept. 9, 2021), *report and recommendation adopted*, No. 3:21CV921-LC-HTC, 2021 WL 6072882 (N.D. Fla. Dec. 23, 2021). Defendant does not even appear to know. *See* Counterclaim ¶ 12 ("the marks are the generic name for the goods [sic] and services, *or a portion thereof*, for which the marks have been registered").

The Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office has previously dismissed analogous cancellation claims against Plaintiff's EAT DRINK PLAY Marks for, *inter alia*, the same shortcoming, i.e., the failure to identify the pertinent genii or classes of services. *See Dave & Buster's I, L.P. v. EW IP Reserve, LLC*, Opposition No. 91247067 (TTAB Sept. 30, 2019)(non-precedential)(finding Applicant has failed to properly state a claim for genericness as to Dave & Buster's EAT DRINK PLAY Marks); *Dave & Buster's I, L.P. v. EW IP Reserve, LLC*, Opposition No. 91247067 (TTAB Nov. 11, 2019)(non-precedential)(same).

    **b. Defendant, For Each of the Four Marks at Issue, Has Failed to Plead That the Mark Is Generic for the Pertinent Classes or Genii of Services**

Logic dictates that, because Defendant does not identify the classes or genii of services for which any of the four challenged marks is allegedly generic, they cannot have alleged (plausibly or otherwise) that any of the four challenged marks are generic for any particular classes or genii or services. The omission of that fundamental element is fatal to Defendant's counterclaim.

To plausibly state a claim for genericness, the Counterclaim, for each mark, must answer the question: what classes or genii of services does this mark name? *See Booking.com B. V.*, 591 U.S. at 556; *see also Glover v. Ampak, Inc.,* 74 F.3d 57, 59 (4th Cir. 1996)("a party who seeks to establish that a mark has become generic must… identify the class of product or service to which

7

use of the mark is relevant"). Defendant's claim, though, is entirely devoid of answers, stating only:

- "the phrases … are generic names for the goods [sic] and services [Plaintiff] has registered the D&B Registrations in [sic]." (Counterclaim ¶ 8);
- "The generic phrases … immediately name the exact nature of Dave & Buster's services" (Counterclaim ¶ 10);
- "the marks are the generic name for the goods [sic] and services, or a portion thereof, for which the marks have been registered." (Counterclaim ¶ 12).

Is Defendant alleging that EAT DRINK PLAY WATCH SPORTS is the name for the class of services that encompass billiard facility services? That EAT DRINK PLAY WATCH names the class of services that encompass restaurant services?[2] The counterclaim fails to specify, and therefore fails to sufficiently notify Plaintiff of the crux of the alleged wrong; namely, what marks are allegedly generic for what classes or genii of services. The deficiency is fatal. *See, e.g., Marfut v. Gardens of Gulf Cove POA, Inc.*, No. 2:17-CV-595-FTM-38CM, 2018 WL 746866, at *3 (M.D. Fla. Feb. 7, 2018)(dismissing claims with prejudice where complaint failed to sufficiently notify defendants of the claims against them); *DeCurtis LLC v. Carnival Corp.*, No. 20-21547-CIV, 2021 WL 1540518, at *3 (S.D. Fla. Apr. 20, 2021).

### c. Defendant, For Each of the Four Marks at Issue, Has Failed to Plead That the Mark, as a Whole, Is Generic

Defendant has also failed to sufficiently allege that any of the four challenged marks, *as a whole*, is generic. For this reason, too, the counterclaim should be dismissed.

When claiming that a multiword or compound mark, such as those challenged here, is generic, "the [claimant] must allege that the challenged term, as a whole, is generic, and not merely that the individual words in that term are generic." *Dave & Buster's I, L.P. v. EW IP Reserve, LLC*,

---

[2] Plaintiff does not concede that any of the identified services constitute a class or genus of services; rather they are a species thereof.

Opposition No. 91247067, 11 TTABVUE 5 (TTAB Sept. 30, 2019)(non-precedential)(dismissing genericness counterclaims for cancellation of Dave & Buster's registrations for its EAT DRINK PLAY Marks) (internal citations omitted); *Booking.com*, 591 U.S. at 556 ("for a compound term, the distinctiveness inquiry trains on the term's meaning as a whole, not its parts in isolation."). Further, "the combination [of the individual words] is not generic unless the entire formulation does not add any meaning to the otherwise generic mark." *Frito-Lay N. Am., Inc.*, 786 F.3d at 967 (quoting In re Steelbuilding.com, 415 F.3d 1293, 1297 (Fed. Cir. 2005); *see also In re American Fertility Soc.*, 188 F.3d 1341, 1348-49 (Fed. Cir. 1999) (to establish genericness of phrases, it must be shown that "the public understands the joining of the individual terms into one compound term to lend no additional meaning to the term").

Typically, a genericness claimant would plead that consumers understand a challenged compound mark to name the identified class or genus of services by alleging that each of the component elements of the mark is generic and that the combination of those elements does not create a commercial impression separate and apart from, or greater than, that conveyed by the individual generic terms. Not here. Defendant does not allege that any of the individual elements of the mark are generic, nor does Defendant allege that the marks as a whole are not greater than the sum of their parts.

Such a substantial omission cannot be overlooked. The Federal Circuit has recognized that the correct legal test for genericness must "be applied to a mark … as a whole, for the whole may be greater than the sum of its parts." *Frito-Lay*, 786 F.3d at 966–67 (quoting *Am. Fertility*, 138 F.3d at 1348). And indeed, the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office – *i.e.*, the specialized panel charged with assessing the registrability of challenged marks ---has previously held specifically that EAT DRINK-marks, such as Plaintiff's,

may be considered unitary phrases with source-identifying strength that exceed the force of their individual components. *See Bl Rest. Operations, LLC*, Cancellation No. 9205626, 2014 WL 5035524, at *6 (TTAB Sept. 24, 2014) (non-precedential) ("EAT. DRINK. BE HAPPY. is a unitary phrase. The protection accorded to the phrase is therefore not limited in scope because it has certain components, which if considered independently, have some relationship to the [restaurant and bar] services offered under the mark."). Defendant has thus failed to plead that "the public understands the joining of the individual terms into one compound term to lend no additional meaning to the term." *In re American Fertility Soc.*, 188 F.3d at 1348-49.

To be sure, with respect to the marks EAT DRINK PLAY WATCH, EAT DRINK PLAY WATCH SPORTS and EAT DRINK PLAY TOGETHER, Defendant does allege that "[t]he addition of the words WATCH, WATCH SPORTS, and TOGETHER, are likewise used consistently in the [restaurant and arcade gaming] industry." Counterclaim ¶ 10. Putting aside the conclusory nature of the allegation, its factual deficiency, and the amorphous contours of the imagined "restaurant and arcade gaming industry," such piecemeal analysis constitutes the exact manner of isolated inquiry proscribed by *Booking.com*. *See* 591 U.S. at 556 ("the distinctiveness inquiry trains on the term's meaning as a whole, not its parts in isolation.").

The remainder of the pertinent allegations are conclusory. *See* Counterclaim ¶ 8 (listing the challenged marks and stating they're generic), ¶ 9 (asserting that "consumers are well accustomed to encountering the phrase [EAT DRINK PLAY]"), ¶ 10 (listing the challenged marks and concluding that they "name the exact nature of D&B's services and nothing more). Such conclusory allegations fail to meet Defendant's requirement of pleading that the marks, as a whole, carry a meaning no greater than its individual components.

### 2. The Purported Claim and its Constituent Conclusory Allegations Are Not Plausible

Defendant claims, via a short string of conclusory allegations, that Plaintiff's incontestably registered EAT DRINK PLAY mark and the federally registered EAT DRINK PLAY marks derived therefrom are all primarily understood, as a whole, by the relevant public as the name for all of the services covered by the associated registrations. The claim and its constituent allegations are implausible.

The claim and allegations require that each of the individual components of the marks be primarily understood by the relevant public as the name for all of the services covered by the associated registrations, and that the combination of those components do not add any additional meaning. But the public does not primarily understand EAT to be the name for billiard facility services; or WATCH or PLAY to identify restaurant services; or DRINK as the common name for entertainment services in the nature of indoor amusement complexes featuring television broadcasts primarily of sporting events; and conclusory allegations to the contrary defy both reason and meaning.[3]

Being implausible on its face, the claim must be dismissed. *Ashcroft*, 556 U.S. at 678-79.

3. **Defendant Has Failed to Plead Any Specific Factual Allegations to Support Its Claim**

Defendant's Counterclaim adds up to little more than a weak trickle of conclusory allegations in feeble support of an implausible claim. The vague assertions are not enough. To state a plausible claim for belief, you need some actual facts. *Gonzalez v. Old Lisbon Rest. & Bar*

---

[3] Plaintiff allows that Defendant might have pled that the compound marks as a whole are primarily understood by the relevant public as the name for an identified genus of services in a manner that did not require that each individual element of the mark be generic. That is, Defendant's vague, conclusory allegations could be supported by specific factual allegations that the component elements of the challenged marks combine to form a different meaning than the individual elements, one that it is generic for the identified services, like "watering hole" for bar services. But the Counterclaim is devoid of any such specific factual allegations.

*L.L.C.*, 820 F. Supp. 2d at 1368 (S.D. Fla. 2011) ("[A] plaintiff must plead enough facts to state a plausible basis for the claim.").

The only specific factual allegations in the counterclaim – and there are only two – are both contained in Paragraph 10. That paragraph provides that some third parties use the phrase EAT DRINK PLAY in the "restaurant and gaming industry," and that the words WATCH, WATCH SPORTS and TOGETHER are also used in that purported industry. Counterclaim ¶ 10. Those two factual allegations, accepted as true for purposes of this motion, are woefully insufficient to support the implausible claim that Plaintiff's incontestably registered EAT DRINK PLAY mark, and its companion EAT DRINK PLAY Marks, are all primarily understood by the relevant public as the common name for all of the classes of services of which Plaintiff's registered services are a species.[4] Such insufficiency compels dismissal.

## CONCLUSION

For the foregoing reasons, Defendant's Counterclaim should be dismissed for failure to state a claim upon which relief can be granted.

Date: August 1, 2025

Respectfully submitted,

DAVE & BUSTER'S I, L.P.

*/s/ Rebecca J. Canamero*
Rebecca J. Canamero
Florida Bar No. 86424
Rebecca.Canamero@hklaw.com
Jenifer J. Norwalk
Florida Bar No. 1032053

---

[4] An incontestable registration constitutes conclusive evidence of a subject mark's distinctiveness. *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 5 F. Supp. 3d 1368, 1372-73 (S.D. Fla. 2014)(citing 15 U.S.C. § 1115(b))("an incontestable registration is 'conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the mark in commerce.'")

Jenifer.Norwalk@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
305-374-8500 – Telephone
305-789-7799 – Facsimile

and

Daniel C. Neustadt (*Admitted PHV*)
District of Columbia Bar No. 1023576
Dan.Neustadt@hklaw.com
Sara J. Benson (*Admitted PHV*)
District of Columbia Bar No. 1767612
Sara.Benson@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
202-955-3000 – Telephone
202-955-5564 – Facsimile

*Attorneys for Dave & Buster's I, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Rebecca J. Canamero*
Rebecca J. Canamero